## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SCP DISTRIBUTORS LLC,

       Plaintiff,

v.                                       Case No: 6:24-cv-00257-ACC-LHP

USA WILDCAT
INVESTMENT GROUP, LLC
and RANDALL JOHNSON,

       Defendants

_____

### ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS (Doc. No. 18)** |
| **FILED:** | **May 9, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I.    BACKGROUND.

    On February 5, 2024, Plaintiff SCP Distributors LLC ("Plaintiff") initiated this suit against Defendants USA Wildcat Investment Group, LLC ("Wildcat") and

Randall Johnson ("Johnson") (collectively "Defendants"), seeking enforcement of a sale agreement and a guarantee.   Doc. No. 1.   The Complaint includes five counts: (1) breach of contract against Wildcat (Count I); breach of contract based on a personal guarantee against Johnson (Count II); unjust enrichment against both Defendants (Count III); account stated against both Defendants (Count IV); and recovery of secured collateral against both Defendants (Count V).   *Id.*   Counts III, IV, and V are pleaded in the alternative.   *Id.*

In sum, in 2022, Wildcat executed a Business Application and Agreement ("Agreement") with Plaintiff for the purchase of pool supplies and equipment.   *Id.* ¶ 12; Doc. No. 1-2.   Johnson, Wildcat's sole owner, also executed an embedded Personal Guarantee Agreement ("Guarantee"), by which Johnson unconditionally guaranteed to Plaintiff payment of the goods sold to Wildcat.   Doc. No. 1 ¶ 13; Doc. No. 1-2, at 3.   Plaintiff supplied the goods, but thereafter Defendants failed to make full payment.   Doc. No. 1 ¶¶ 16–18.   Plaintiff demanded payment from both Defendants, but Defendants failed to make full payment for the goods received. *Id.* ¶¶ 23, 32.   Plaintiff seeks to recover the outstanding balance, pre- and post-judgment interest, reasonable attorneys' fees and costs, and an order to repossess collateral as defined in the Agreement.   *Id.*, at 11.

On March 7, 2024, Plaintiff filed returns of service demonstrating that both

Defendants were served with a copy of the summons and Complaint on February 13, 2024.   Doc. Nos. 8, 9.   Neither Defendant timely responded to the Complaint, nor have they otherwise appeared in this action.   Accordingly, on Plaintiff's motions, Clerk's default was entered against both Defendants on April 3, 2024.   *See* Doc. Nos. 10, 12, 14–17.   Plaintiff thereafter filed the above-styled motion for default judgment against both Defendants.   Doc. No. 18.   With the motion, Plaintiff includes the Declaration of Cindy Baker, a Collection/Asset Recovery Senior Division Manager at Pool Corporation, the sole owner of SCP Distributors LLC, Doc. No. 18-1, and the Declaration of Selene C. Vazquez, Plaintiff's lead counsel, Doc. No. 18-2.

The motion (Doc. No. 18) was referred to the undersigned.   Defendants have not responded to the motion, and their time for doing so has expired.   *See* Local Rule 3.01(c).   Upon consideration, however, and for the reasons discussed below, Plaintiff's motion will be denied without prejudice.

## II.    ANALYSIS.

Upon review, there are two primary deficiencies with Plaintiff's motion which prevent the undersigned from recommending that default judgment be entered in Plaintiff's favor:   failure to adequately brief entitlement to default judgment and failure to adequately brief the issue of attorneys' fees.   Each issue

will be addressed in turn.

    *A.    Liability.*

"Although Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment." *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talent Agency, Inc.*, No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).   And a party is not entitled to a default judgment merely because a Clerk's default has been entered.   *See id.* Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.   *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). [1]   "Therefore, a court must conduct an analysis to determine whether the well-pleaded factual allegations of the plaintiff's complaint provide a sufficient basis for a judgment against the defendant." *Estes Express Lines*, 2019 WL 13183880, at *1 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"Similarly, a plaintiff is entitled to only those damages adequately supported by the record." *Id.* (citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).   Plaintiff relies solely on the entry of Clerk's default and Federal Rule of Civil Procedure 55(b)(1) in support of its request for default judgment and provides no analysis as to the elements of the claims asserted in the Complaint.   Doc. No. 18, at 4–5.   This is not enough.

The present motion is insufficient to demonstrate that default judgment is proper because it neither sets forth the elements of Plaintiff's claims against Defendants nor provides any legal analysis that demonstrates how the well-pleaded allegations of the Complaint establish each of those elements.   In fact, nowhere in the motion does Plaintiff even mention any of the causes of action asserted in the Complaint.   *See* Doc. No. 18.   Further, the damages sought appear to relate to the breach of contract/guarantee claims alone, and neither the motion nor the attached declarations make any mention of the remaining claims for unjust enrichment, account stated, or recovery of secured collateral.   *See* Doc. No. 1; *see also Gurit Balsaflex Cia. LTDA v. Cerix Corp.*, No. 6:21-cv-246-WWB-LRH, 2021 WL 9333863, at *3 (M.D. Fla. Oct. 14, 2021) (denying without prejudice motion for default judgment that failed to identify the elements of its claims and to explain whether the plaintiff sought default judgment on only its breach of contract claim,

its unjust enrichment claim, or both).   Therefore, in a renewed motion, Plaintiff must identify any and all claims on which it seeks default judgment and make clear which claims, if any, it is abandoning.   If Plaintiff is seeking default judgment on the breach of contract claims and the unjust enrichment, account stated, and/or recovery of secured collateral claims, Plaintiff shall provide citation to relevant legal authority establishing why Plaintiff would be entitled to alternative relief.

Plaintiff also does not identify which jurisdiction's law should apply to any of the claims asserted in the Complaint, and given that it is unclear which claims Plaintiff is seeking a default judgment over, it is equally unclear whether the Uniform Commercial Code applies.   *See* Doc. No. 1-2, at 5 (listing Uniform Commercial Code as applying at the "Security Agreement; Financing Statement" provision).   *See also Gurit Balsaflex Cia. LTDA*, 2021 WL 9333863, at *3 (denying motion for default judgment without prejudice where plaintiff did not identify the law that should apply to the action).   Thus, without explanation from Plaintiff as to which state law applies to each of its claims and the extent to which the Uniform Commercial Code applies, the motion for default judgment is due to be denied.[2]

---

[2] The Court notes that the Agreement also contains a choice of forum and venue clause, which Plaintiff does not address in its motion.   *See* Doc. No. 1-2, at 5 ¶ 7 ("In the event either party initiates litigation related to these Terms and Conditions or the sale or use of Goods, the parties hereby designate the federal and state courts in the jurisdiction where the sale by Seller to Buyer occurred as the proper forum and venue for such

B.      *Attorneys' Fees.*

Plaintiff's request for attorneys' fees in conjunction with default judgment is also deficient.   "Federal courts sitting in diversity apply state substantive law and federal procedural law . . . The matter of entitlement to attorneys' fees is generally considered substantive and therefore governed by state law."   *Pasternack v. Klein*, No. 8:16-cv-482-T-33CPT, 2019 WL 5111974, at *6 n.2 (M.D. Fla. Aug. 26, 2019), *report and recommendation adopted*, 2019 WL 5110613 (M.D. Fla. Sept. 11, 2019) (citation omitted).   Similarly, federal courts sitting in diversity must apply state law in determining the reasonableness of fees.   *Sanford v. Omni Hotels Mgmt. Corp.*, No. 3:16-cv-1578-J-34PDB, 2020 WL 5260191, at *12 (M.D. Fla. Aug. 19, 2020), *report and recommendation adopted as modified*, WL 5255122 (M.D. Fla. Sept. 3, 2020) (quoting *Kearney v. Auto–Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010)); *see also Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 775 F.3d 242, 248 (5th Cir. 2014) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision.").   Plaintiff fails to identify which jurisdiction's law applies in determining both its entitlement to attorneys' fees and the

---

litigation.").   While both the Complaint and the motion for default judgment state that "a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District," neither allege that the sale by Plaintiff to Wildcat occurred in this jurisdiction.   Doc. No. 1 ¶ 11; Doc. No. 18, at 3.

quantification of attorneys' fees, though Plaintiff seems to suggest that Florida law applies to quantification.   *See* Doc. No. 18, at 5–10.   Plaintiff must identify the state law that applies to both the entitlement and quantification of fees in a renewed motion.

Assuming Florida law applies to the quantification of any fees and costs award, the lodestar approach applies.   *See, e.g., Kearney*, 713 F. Supp. 2d at 1373–74 ("The Florida Supreme Court, however, has turned the law full circle by adopting the federal lodestar method, rather than a state rule, to determine what constitutes 'reasonable' attorney's fees.").   Under the lodestar approach, "the starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983)).   Here, Plaintiff seeks $21,009.40 in attorneys' fees at a blended rate of $550 per hour for 43.4 hours[3] of work performed, but several issues remain outstanding.

First, Plaintiff has not shown that a blended rate is appropriate.   *See* Doc. No. 18, at 5–10.   This District has permitted the use of blended rates in the

---

[3] The documentation of the number of hours incurred is inconsistent.   Doc. No. 18, at 6, states that 43.4 hours were incurred; Doc. No. 18, at 8, states that 43.2 hours were incurred; Doc. No. 18-2 states that 43.4 hours were incurred.   There is also a timekeeper named Willard with entries on the timesheet attached to the Declaration of Selene S. Vazquez who is not mentioned in the motion.   *See* Doc. No. 18-2, at 10.

quantification of attorneys' fees.   *See, e.g., White Holding Co., LLC v. Martin Marietta Materials, Inc.*, No. 5:05-cv-328-Oc-10GRJ, 2011 WL 13176667 (M.D. Fla. Apr. 4, 2011); *Omnipol, A.S. v. Worrell*, No. 8:19-cv-794-VMC-TGW, 2021 WL 1842212 (M.D. Fla. Mar. 23, 2021), *report and recommendation adopted*, 2021 WL 1840513 (M.D. Fla. May 7, 2021).   However, courts have noted that the better approach in assessing attorneys' fees is usually to assess reasonable hourly rates for each individual timekeeper because blended rates fail to "account for the skill and experience of the particular professional in light of the tasks performed."   *S.E.C. v. Kirkland*, No. 6:06-cv-183-Orl-28KRS, 2008 WL 5191230, at *4 (M.D. Fla. Dec. 10, 2008).   Plaintiff states that "43.4 hours were incurred with a blended rate of $550.00," Doc. No. 18, at 6, without providing any record evidence or legal authority in support of its contention that the Court should permit the use of a blended rate.   *See id.*   A renewed motion must address this issue, to the extent applicable law requires.

Second, Plaintiff has not established that a rate of $550 per hour is the prevailing market rate in the Orlando Division of the Middle District of Florida. *See* Doc. No. 18, at 5–10.   A reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations

omitted).   The "relevant market" is "the place where the case is filed."   *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).   Here, the prevailing market rate is determined by the market rate in the Middle District of Florida and, specifically, the Orlando Division.   *See Country Inns & Suites by Carlson, Inc. v. Interstate Props., LLC*, No. 6:07-cv-104-Orl-28DAB, 2009 WL 189946, at *4 (M.D. Fla. Jan. 23, 2009) (reducing attorneys' fees even though the requested rates may be "commanded as of course in counsel's home state" because "reasonable rates are judged in accordance with the legal market (Orlando) and the services provided.").   Plaintiff states that "Attorney Vazquez's usual billing rate is $480.00 per hour, Attorney Berman's billing rate is $684.00 per hour, Attorney Ryan's billing rate is $555.00, and Attorney Lynch's billing rate is $443.00 per hour" and that the latter three attorneys work in Pennsylvania offices.   Doc. No. 18, at 7–8.   Plaintiff asserts that its attorneys' rates are "comparable to the rates charged by other attorneys in the Southern District of Florida," relying exclusively on a single case from the Southern District.   *Id.*, at 7 ("Courts have previously found hourly rates up to $697.50 to be reasonable." (citing *Lebbin-Spector v. TransAmerica Life Ins. Co.*, 619 F. Supp. 3d 1212, 1215 (S.D. Fla. 2022))).   However, Plaintiff does not explain how it calculated the $550 blended rate hourly rate.   *See id.*, at 6–9.   Nor does Plaintiff point to sufficient

facts regarding the qualifications of its attorneys or the rates of similarly situated attorneys in the Orlando region to support this amount.   *See id*.   And the single Southern District case cited by Plaintiff is insufficient legal authority to establish that $550 per hour is a reasonable rate in the Orlando region.   *See id*.

Third, Plaintiff does not explain why it believes it is entitled to the full amount of attorneys' fees for out-of-state, non-appearing attorneys.   *See id.; see also Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020) (finding no abuse of discretion to treat the work of non-admitted attorneys as compensable at prevailing market rates for paralegal services); *Parsons v. Regna*, No. 6:20-cv-123-RBD-LHP, 2023 WL 6849832, at *7 (M.D. Fla. Sept. 18, 2023), *report and recommendation adopted*, 2023 WL 6845308 (M.D. Fla. Oct. 17, 2023) (reducing the amount of fees awarded for out-of-state, non-appearing attorneys to $150.00, "which is a rate (on the high side) for the work of a paralegal in the Central Florida market"); *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, No. 3:20-cv-28-BJD-MCR, 2021 WL 8201479, at *9 (M.D. Fla. Aug. 10, 2021), *report and recommendation adopted*, 2021 WL 8201487 (M.D. Fla. Sept. 8, 2021) (reducing hourly rate for out-of-state attorney who did not appear pro hac vice to $150.00 per hour).   Plaintiff does not address whether all of the timekeepers are attorneys admitted to practice in Florida or before this Court, nor does Plaintiff provide any legal authority to justify why it

believes the Court should award the full amount of fees claimed to be owed to out-of-state, non-appearing attorneys.   *See* Doc. No. 18, at 5–10.

## III.   CONCLUSION.

For the reasons discussed herein, Plaintiff's Motion for Default Judgment against Defendants (Doc. No. 18) is **DENIED without prejudice**.   It is **ORDERED** that, within **twenty-one (21)** days of the date of this Order, Plaintiff shall file a renewed motion for default judgment against Defendants that addresses, by citation to applicable legal authority, the issues identified in this Order.   The renewed motion must be a stand-alone document and attach all necessary evidence; the Court will not incorporate by reference a prior motion or previously filed exhibits.

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

- 12 -