# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SCP DISTRIBUTORS LLC,

    Plaintiff,

v.                                        Case No:   6:24-cv-257-ACC-LHP

USA WILDCAT INVESTMENT
GROUP, LLC and RANDALL
JOHNSON,

    Defendants

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF, SCP DISTRIBUTORS LLC'S MOTION FOR DEFAULT FINAL JUDGMENT ON WRIT OF GARNISHMENT AND TURNOVER OF FUNDS ON WRIT OF GARNISHMENT TO JPMORGAN CHASE BANK, N.A. AS TO RANDALL JOHNSON (Doc. No. 74)**
>
> **FILED:** June 9, 2025
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND.

On February 5, 2024, Plaintiff SCP Distributors LLC ("Plaintiff") initiated this suit against Defendants USA Wildcat Investment Group, LLC ("Wildcat") and Randall Johnson ("Johnson") (collectively "Defendants"), seeking enforcement of a Business Application and Agreement and a Personal Guarantee Agreement. Doc. No. 1. Defendants were properly served but did not appear in the matter, and accordingly, on Plaintiff's motions, Clerk's default was entered against both Defendants. *See* Doc. Nos. 10, 12, 14–17. Ultimately, on October 17, 2024, default judgment was entered in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $100,202.60. Doc. No. 25; *see also* Doc. Nos. 22–24.

After entry of the judgment, Plaintiff obtained writs of garnishment against several garnishees, including an *ex parte* writ of garnishment[1] against JPMorgan Chase Bank, N.A. ("JPMorgan") regarding an account held by Johnson. Doc. No. 60; *see also* Doc. Nos. 58–59.

On February 17, 2025, JPMorgan timely filed an answer to the writ, wherein JPMorgan states that it has retained $14,049.79 subject to the writ. Doc. No. 72. Now, Plaintiff moves for final judgment in garnishment against JPMorgan, which

---

[1] Under Florida law, post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *see also Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008).

motion has been referred to the undersigned. Doc. No. 74. No timely responses to the motion have been filed, and the undersigned considers it unopposed. *See* Local Rule 3.01(c).

## II. LEGAL STANDARDS.

Pursuant to the Federal Rules of Civil Procedure, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In Florida, after obtaining judgment, a plaintiff may move for issuance of a writ of garnishment. Fla. Stat. § 77.03. Once issued, the plaintiff must send to the defendant a copy of the writ of garnishment, the motion for writ of garnishment, and, if the defendant is an individual, a "Notice to Defendant," as well as a claim exemption form. *Id.* § 77.041(2). Upon answer to the writ of garnishment, the plaintiff must also serve on the defendant a copy of the garnishee's answer, and a notice that the defendant must move to dissolve the writ within 20 days after the date indicated on the certificate of service. *Id.* § 77.055.

"When a plaintiff demonstrates that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment." *Nationwide Judgment Recovery, Inc. v. Stahl*, No. 6:22-mc-22-RBD-EJK, 2022 WL 17261695, at *1 (M.D. Fla. Nov. 29, 2022) (citation omitted), *report and*

*recommendation adopted*, 2022 WL 17718506 (M.D. Fla. Dec. 15, 2022). The Florida garnishment statutes must be strictly construed. *See Williams v. Espirito Santo Bank of Fla.*, 656 So. 2d 212, 213 (Fla. Dist. Ct. App. 1995).

### III. ANALYSIS.

In this case, after issuance of the writ of garnishment against JPMorgan, Doc. No. 60, Plaintiff timely filed a Notice to Defendant Randall Johnson as to Served Writ of Garnishment on JPMorgan Chase Bank, N.A., which included service on Johnson of the issued writ of garnishment and its motion for writ of garnishment. *See* Doc. No. 67. The issued writ of garnishment included a "Notice to Defendant," as well as a claim exemption form as required by Fla. Stat. § 77.041(2). *See* Doc. No. 67-1; *see also* Doc. No. 60. After JPMorgan filed its answer, Plaintiff also filed a Notice to Defendant Randall Johnson of Answer of Garnishee JPMorgan Chase Bank, N.A., to include JPMorgan's answer, the underlying motion, and the writ. *See* Doc. No. 73. The Notice advised Johnson that "he must move to dissolve the writ of garnishment within 20 days after the date indicated on the Certificate of Service." *Id.* To date, Johnson has not filed a timely claim of exemption, moved to dissolve the writ, or otherwise responded to Plaintiff's motion.

Accordingly, because Plaintiff has met the statutory requirements for a judgment of garnishment, Plaintiff's motion (Doc. No. 74) is due to be granted. *See*

Fla. Stat. § 77.083.  *See, e.g., Stahl*, 2022 WL 17261695, *report and recommendation adopted*, 2022 WL 17718506 (M.D. Fla. Dec. 15, 2022).

## IV. RECOMMENDATION.

Based on the above, the undersigned respectfully **RECOMMENDS** that the Court:

1. **GRANT** Plaintiff, SCP Distributors LLC's Motion for Default Final Judgment on Writ of Garnishment and Turnover of Funds on Writ of Garnishment to JPMorgan Chase Bank, N.A. as to Randall Johnson (Doc. No. 74).

2. **ENTER** final judgment in favor of Plaintiff and against JPMorgan Chase Bank, N.A., in the amount of $14,049.79,[2] and **ORDER** JPMorgan to deliver said funds by a date certain to Plaintiff, payable to the "Fox Rothschild, LLP Trust Account," c/o Plaintiff's counsel, Selene C. Vazquez, Esq., Fox Rothschild LLP, 777 South Flagler Drive, Suite 1700, West Tower, West Palm Beach, FL 33401.  *See* Doc. No. 74-5, at 3.

---

[2] In its motion and proposed order, Plaintiff requests that the Court order payment "up to the outstanding sum of the $100,202.60 principal portion of the Final Judgment against Defendant, or the total amount of liability of JPMorgan Chase Bank, N.A., to the Defendant, whichever is less."  Doc. No. 74, at 3; Doc. No. 74-5, at 3.  Plaintiff provides no legal authority demonstrating that awarding anything other than the amount being held by the garnishee is appropriate, however.  *See id.*  Accordingly, the undersigned recommends that the Court enter judgment as to the total amount of funds reflected in JPMorgan's answer.  *See* Doc. No. 72.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 28, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record